## PROPERTY RIGHTS AS AFFECTED BY AN ILLEGAL MARRIAGE.

Common Pleas Court of Hamilton County.

LOWRY LEE MCHENRY VS. KITTY NORMAN BRITTON, ALSO KNOWN AS KITTY BRITTON MCHENRY.

Decided March 22, 1926.

*Husband and Wife—Marriage Found to Have Been Illegal—Husband Procures Divorce and Seeks to Recover Property Which Had Been Placed in Wife's Name.*

The plaintiff (a physician) and the defendant were married, lived together a number of years, and accumulated a considerable estate, when it was discovered that the wife had a husband living at the time of her (supposed) marriage to plaintiff. A divorce having been secured, plaintiff sought in the present action to recover property which he had placed in her name and possession. Defendant claimed to have assisted in accumulating the property, which was borne out to some extent by the testimony, and further that she contributed to their original capital, and she stood on an agreement which she declared existed between them that their accumulations should be divided equally between them. The jury found for the husband but gave the wife a judgment against him for $2,500. On the principle that he who seeks equity must do equity, the court overruled the motions of both parties for a new trial, and gave judgment on the verdict, treating the judgment for the wife as in the nature of an award for services.

*Messrs Nichols, Morrill, Stewart & Ginter,* and *Mr. Harry H. Shafer,* for plaintiff.

*Messrs. Alcorn & Alcorn,* and *Messrs. Williams, Ragland, Dixon & Murphy,* for defendant.

DARBY, J.

The jury returned special verdicts in favor of the plaintiff upon his petition, and a general verdict for the defendant upon her cross-petition.

The plaintiff moves to set aside the verdict in favor of the defendant on the cross-petition; also to render judgment on the cross-petition in favor of the plaintiff notwithstanding the verdict; the defendant moves to set aside the special verdicts rendered in favor of the plaintiff upon the petition.

A .proper disposition of the various motions requires that a correct understanding be had of the pleadings. The original petition set forth in one cause of action facts from which the plaintiff claimed the right to have a decree finding that real property, shares of stock and a diamond ring in the possession of the defendant, were in fact his property, and that the defendant was in fact trustee of said property for him. A motion to separately state and number and to strike out certain allegations was made, but no order seems to have been entered upon said motion. The plaintiff, however, filed an amended petition setting forth four causes of action, the first relating to real property, the second to a diamond ring, and the third and fourth to shares of stock in corporations. The prayer of the petition was for a temporary order restraining the defendant from disposing of any of said property, and that the plaintiff be decreed to be the owner of all of said property, and the defendant be ordered to re-convey to the plaintiff the real property and to transfer and deliver to the plaintiff the personal property referred to.

The basis of the plaintiff's claim was that he had married the defendant upon the assumption that she was marriageable, that relying upon the belief that he was the lawful husband of the defendant he purchased the real property and caused the deed to be placed in the name of the defendant; that he purchased the stock and caused the certificates thereof to be placed in the name of the defendant; and that the defendant took possession of the diamond ring for safe keeping, to be returned to him when and where he might demand it. The petition plainly avers the payment for the real property and the stock by the plaintiff, the conveyance of the real property and the issuance of the stock in the name of the defendant, and that all of this was done because of said marriage and the belief that the marriage was legal.

The defendant in her answer admitted the marriage referred to, and denied each and every other allegation of plaintiff's petition.

Upon these pleadings the case went to trial. In the midst of the trial the plaintiff was permitted to file an amendment to the amended petition, setting up that—

"It has been adjudicated by the Court of Common Pleas of Hamilton County, Ohio, in Case No. 179727, that the defendant herein had a husband living from whom she had not been divorced at the time she was married to the plaintiff herein."

Immediately after the filing of this amendment the defendant filed a cross-petition, and in the cross-petition says in substance that she was married to the plaintiff, and that plaintiff was without funds, that the defendant was possessed of twelve hundred dollars with which she bought furniture, fixtures and instruments for the plaintiff's office (plaintiff being a practicing physician); that after said marriage and until October, 1921, they lived together as man and wife; that she worked as assistant to the plaintiff, not only in keeping his home but as nurse, and in giving treatments under his direction, and that as a result of their joint earnings the plaintiff and defendant accumulated stocks, bonds, real property and cash alleged to be of the value of twenty-five thousand dollars, all of which she claims plaintiff retained, though one-half of it rightly belonged to her, and she asks for judgment for twelve thousand seven hundred and twenty-five dollars, one-half of the alleged accumulations of the parties.

An answer was filed to this cross-petition denying any partnership, and denying that the defendant had any interest in any of the stocks or moneys that were acquired, and praying for judgment as in his petition.

No answer was filed to the amendment to plaintiff's petition, nor was there any reference in the cross petition to the adjudication set forth in the amendment to the petition, so that on the pleadings the adjudication is admitted, though the defendant in her cross-petition alleges the marriage, which however is denied in the answer to the cross-petition. It is a well settled rule of pleading that facts alleged which are not denied are admitted. On the plead-

ings therefore, though the allegation of the judgment is not in the usual form of such allegations, it is sufficiently clear and definite to constitute the pleading of the judgment in the former action, which the evidence in the case shows was a suit for divorce, and in which the court granted a divorce on the ground that the defendant had a husband living at the time she married the plaintiff. · It follows from the foregoing statement that the court is of the opinion that the judgment in the divorce case conclusively determines as between the parties that the marriage between the plaintiff and the defendant was null and void.

As the case stood upon the pleadings, the plaintiff claimed that real property and stocks for which he had paid were conveyed and transferred to the defendant upon the faith that they were lawful husband and wife, and upon no other consideration. Her claim was, that there was an agreement between the plaintiff and defendant that there was to be an even division of their earnings, and it seemed to be her claim that this was the case in any event.

The issues being as stated, upon the case being called for trial the defendant claimed that plaintiff's cause of action was to recover specific property, and the defendant's cause of action was to recover a money judgment, and that therefore it was a jury case and should be tried to a jury.

It must be kept in mind that the legal title to the real property and the stocks was in the defendant, placed there by the voluntary action of the plaintiff. As the defendant had the legal title, the plaintiff was not entitled to possession unless he could prove some equitable right thereto. The diamond ring stood in somewhat different situation, as it was claimed that as to the ring it was merely placed in the custody of the defendant for safe keeping, and a writ of replevin might have disposed of that matter. As to the real property the plaintiff was clearly not entitled to ejectment, and as to the stocks the plaintiff was not

entitled to the certificates except upon the theory of a trust in his favor; so that, barring the ring which was of minor importance, the whole of plaintiff's action was based upon the claim that the defendant held the property in trust for him.  This is clearly an equitable action, and generally speaking tryable by the court.  The fact that the defendant asked for a money judgment upon her cross-petition does not change the nature of plaintiff's case.

The principal case referred to by the defendant supports the view of the court as to the nature of the action. It has been very clearly laid down in *Chapman* v. *Lee*, 45 O. S., 356, that if the cause of action of the plaintiff is to recover money, and that a money judgment is the principal object of his suit, the fact that equitable relief may also be asked does not change the substantial character of the cause of action.  It is held in that case that an examination of the pleadings will determine the question of the right to a jury trial, and the court very clearly lays it down that what was sought in that case was a judgment for money.  That was the primary purpose.

In the case at bar, a judgment for the plaintiff on any of his causes of action except possibly that relating to the ring, would never give plaintiff full and adequate relief, because, while it could have found that the property was conveyed to the defendant under the circumstances alleged, it could not have put the plaintiff in possession of the property, nor have afforded that relief to which a *cestui que trust* may be entitled.

Referring to the statutes of the General Code involved, *i. e.*, 11379 and 11380, the court was clearly of the opinion that this was not a case in which the parties were entitled to a jury, but acting under the authority of Section 11380, and upon the insistent demand of the defendant for a jury trial, the court determined to submit the issue to the jury for its determination.  Regardless, however, of Section 11380, the court had the inherent power to submit the questions of fact involved in plaintiff's case to the jury.  The case then proceeded to the jury as an ordinary

jury trial, and was submitted to the jury in the only way in which the court could see it could be done.

The defendant complains that the court erred in not taking a general verdict of the jury upon the claim of plaintiff set forth in his four causes of action. As indicated above, such a verdict would have been meaningless, of no effect, and would have left the case for the court to determine equitable rights under plaintiff's pleading. What the court did was to direct the jury to return special verdicts in writing upon the facts established by the evidence. General Code, Section 11458, provides—

"The verdict of a jury must be either general or special."

Section 11459:

"A general verdict is one by which the jury finds generally upon any or all of the issues submitted, in favor either of the plaintiff or defendant."

Section 11460:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."

Section 11461:

"Unless otherwise directed by the court, a jury may return a general or a special verdict in all actions."

The findings of the jury as to the real property and stocks were, that the plaintiff bought and paid for them, that the defendant contributed nothing to their purchase, that they were put in the name and control of the defendant at the plaintiff's direction, that the consideration for the same was the supposed relationship of husband and wife, that there was no other consideration whatever for the plaintiff placing the property in defendant's control. The special verdicts also found that the diamond ring referred to was delivered to the defendant by the plaintiff for safe keeping and for no other purpose or object.

As to the defendant's cross-petition, the court submitted that issue to the jury and the jury found a verdict in favor of the defendant in the sum of twenty-five hundred dollars.

As to the plaintiff's case, the court is clearly of the opinion that the consideration for the purchase of the real property and stocks was furnished by the plaintiff and placed in the name and control of the defendant upon the faith and in the belief that they were lawfully husband and wife.   No other rational conclusion can be reached in the case.   It is perfectly clear that plaintiff's object was to establish a home and professional practice, and to accumulate property in the interest of his family.   The defendant may have had the same purpose, but unfortunately she was not at that time a marriageable woman, and had no right to engage in this relationship with the plaintiff; so that, whether the court adopts the verdict as advisory of the chancellor, or acting upon its own judgment as to the facts, the finding must be that plaintiff has proven his case by clear and convincing evidence.

The defendant claims an agreement, however, by which she was to share equally with the plaintiff in his earnings, and that in any event as the court remembers her testimony, they should divide their earnings equally "if any trouble should ever come to us in our life."   The plaintiff as vigorously denied any such statement or agreement, and claimed the only consideration in his mind was the supposed marital relationship.   Some evidence was offered by the defendant in support of her claim that she and the plaintiff had such an understanding, but an examination of this evidence leads the court to believe that such evidence relates to a proposed separation agreement and a proposed compromise between the parties.

It must be kept in mind that it was upon the insistent demand of the defendant that a jury trial was awarded. The defendant is not asking to set aside the verdict in her favor for twenty-five hundred dollars, but that the special verdicts which support plaintiff's claim be set aside.   The plaintiff, however, is moving that the verdict

in favor of the defendant upon the cross-petition be set aside as inconsistent with the special verdicts.   The matter is not without difficulty, but it is not entirely incon- sistent to say that the jury may have found that the con- tribution to the earnings of the parties was the amount it returned in the verdict.

The defendant claims a right to share equally in the property of the plaintiff by reason of a contract to that effect.   She further claims that the value of the property was approximately twenty-five thousand dollars, and that she was therefore entitled to a verdict for about thirteen thousand dollars.   The burden of proof as to the matter of her cross-petition was on the defendant.   The plaintiff claims that inasmuch as the jury found by clear and convincing evidence facts which support his claim to own- ership of the property, that it was inconsistent to return a verdict in favor of the defendant on her cross-petition in any amount, and that for that reason the verdict in favor of the defendant should not stand.

These parties lived together for several years, and in that period there was accumulated quite an estate; there was evidence that the defendant rendered much assistance to the plaintiff in his work by her household duties, atten- tion to his office and some work in connection with his practice.   There is a principle of equity expressed in the maxim—"He who seeks equity must do equity."   The plaintiff in the case comes into a court of equity asking relief from the situation in which the relations between the parties had put him.   Not being husband and wife, laws pertaining to maintenance, dower, etc., do not apply, and yet there was the rendering of valuable service and assistance in the accumulation of this property, and it may have been that it was the jury's mind to compensate for those services.   True, there was no claim for serv- ices; the claim of the defendant was based upon a mar- riage which of course could not be sustained.   In the in- terests of justice it would not seem improper, in view of the finding of the jury, which the court does not feel dis-

posed to disturb, to treat the claim of the defendant on her cross-petition as in the nature of one for services.

Under all the circumstances of the case the court has concluded to overrule the motions to set aside the verdicts and the motion for judgment for the plaintiff on the cross-petition notwithstanding the verdict.

What order should the court make in this situation? The jury has found under the instructions of the court, by clear and convincing evidence facts from which it necessarily follows that the plaintiff is entitled to the real property, the certificates of stock and the ring in question. A decree should therefore be entered finding that the defendant holds the real property and the stocks in trust for the plaintiff, directing her to convey the real property and to transfer the certificates to the plaintiff, and that upon her failure so to do, the decree shall operate as a conveyance and transfer of such property. As to the ring the jury has found facts from which the conclusion follows that the plaintiff is entitled to its possession. In a replevin action, had the jury found that the right of possession of the ring was with the plaintiff, it would have been required to assess the value and to award damages, if any be shown, for its unlawful detention. As has heretofore been stated, the ring is rather incidental to the main purposes of the plaintiff's action, but for this reason the court should not fail to give plaintiff full and adequate relief. The decree may therefore direct the defendant to deliver to the plaintiff the ring, and that if she fails to do so or is unable to do so, she should be charged with the value of the same, to be determined from the proof in the case, or upon production of further proof upon that point should the parties desire. In no other way can adequate relief be granted to the plaintiff. This method of arriving at the value seems to be sustained in *McKelway* v. *Armour*, 10 N. J. E., 115-118. There should also be embodied in the decree a judgment in favor of the defendant upon the verdict on her cross-petition. By reason of the finding of the jury, the court will make the order that each party shall pay its own costs.